# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| DEBORIS FORTE,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CAPITAL ACCOUNTS, LLC,<br><br>　　　　Defendant. | Case No.:<br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, DEBORIS FORTE, BY AND THROUGH COUNSEL, J. DANNY HACKNEY, ESQ., and for her Complaint against the Defendant, pleads as follows:

### **JURISDICTION**

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

### **VENUE**

2. The transactions and occurrences which give rise to this action occurred in the City of Birmingham, Jefferson County, Alabama.

3. Venue is proper in the Northern District of Alabama, Southern Division.

## PARTIES

4. Plaintiff is a natural person residing in City of Birmingham, Jefferson County, Alabama.

5. The Defendant to this lawsuit is Capital Accounts, LLC ("Defendant"), is a foreign limited liability company that conducts business in the State of Alabama.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to West Princeton Dental Clinic in the amount of $500.00 (the "collection item").

7. Defendant is reporting the collection item with a dispute comment on Plaintiff's Equifax credit disclosure.

8. Plaintiff no longer disputes the collection item.

9. On December 15, 2021, Plaintiff obtained her Equifax credit disclosure and noticed Defendant reporting the collection item.

10. On or about January 6, 2022, Credit Repair Lawyers of America on behalf of Plaintiff, sent Defendant a letter informing Defendant that the collection item is inaccurate and asked Defendant to remove the dispute comment from the collection item.

11. Defendant received Plaintiff's letter on January 20, 2022.

12. On February 11, 2022, Plaintiff obtained her Equifax credit disclosure, which showed that Defendant last reported the collection item reflected by the Equifax credit disclosure on February 1, 2022 and failed or refused to remove the dispute comment from the collection item, in violation of the FDCPA.

13. Defendant's failure to remove the inaccurate dispute remark makes the tradeline false and misleading to any user of the credit report. It also damages Plaintiff by preventing her from obtaining any mortgage loan or refinancing of the same, as no conventional lender will grant a mortgage based on any credit report that has any tradelines reported as disputed. Mortgage rates are now at historic lows and Plaintiff cannot participate in this market, due to Defendant's failures to remove the dispute comment.

14. In the credit reporting industry, data furnishers, such as the Defendant, communicate electronically with the credit bureaus.

15. Defendant had more than ample time to instruct Equifax to remove the dispute comment from the collection item.

16. Defendant's inaction to remove the dispute comment from the collection item was either negligent or willful.

17. Plaintiff suffered pecuniary and emotional damages as a result of Defendant's actions. Her credit report continues to be damaged due to the Defendant's failure to properly report the collection item.

## VIOLATION OF

## THE FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff reincorporates the preceding allegations by reference.

18. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

19. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

20. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

21. Defendant's foregoing acts in attempting to collect the collection item violated 15 U.S.C. §1692e:

   a. 15 U.S.C. §1692e(2)(A) by falsely representing the character, amount, or legal status of any debt by continuing to report the collection item with a dispute notation after being informed of the inaccuracy; and

   b. 15 U.S.C. §1692e(8) reporting credit information which is known to be false, including failure to communicate that the debt is not disputed by

      failing to remove the inaccurate dispute notation from the collection item after being asked to do so by Plaintiff.

22. Plaintiff has suffered harm and damages at the hands of the Defendant as this harm was one that was specifically identified and intended to be protected against on behalf of a consumer, such as the Plaintiff, by Congress.

23. Defendant's failure to remove the erroneous dispute notation from its collection item on Plaintiff's consumer credit file is annoying, humiliating, and embarrassing to the Plaintiff as it creates a false impression regarding her creditworthiness.

24. To date, and as a direct and proximate cause of the Defendant's failure to honor its statutory obligations under the FDCPA, the Plaintiff has continued to suffer from anxiety, embarrassment, humiliation, and stress from Defendant's violations of the FDCPA.  As a result of the stress caused by Defendant, Plaintiff has suffered from headaches and loss of sleep and it has exacerbated Plaintiff's anxiety and panic attacks.

25. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

    WHEREFORE, PLAINTIFF PRAYS that this court grants her a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

## **DEMAND FOR JUDGMENT RELIEF**

Accordingly, Plaintiff requests that the Court grant her the following relief against the Defendant:

a. Actual damages;

b. Statutory damages;

c. Statutory costs and attorneys' fees.

## **JURY DEMAND**

Plaintiff hereby demands a trial by Jury.

DATED: April 22, 2022

By: */s/ J. Danny Hackney*
    J. Danny Hackney
    The Hackney Law Firm
    AL State Bar No. ASB-7909- K72J
    Attorney Code HAC-003
    P.O. Box 1491
    Alabaster, AL 35007
    Telephone: (205) 542-2500
    Email: jdannyhackney@gmail.com
    *Attorneys for Plaintiff,*
    *Deboris Forte*